IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GERALD WASHINGTON : CIVIL ACTION
:
v. :
:
CITY OF PHILADELPHIA, :
et al. : NO. 10-176

MEMORANDUM

McLaughlin, J.                                                           July 8, 2010

This is a civil rights action brought by plaintiff Gerald Washington over his arrest and prosecution for allegedly stealing $400 worth of construction fencing at gun point. Two of the defendants, District Attorney Lynne Abraham and Assistant District Attorney Gaetano D'Andrea, have moved to dismiss all claims against them on grounds of prosecutorial immunity.[1] The plaintiff has not yet filed a response and the time for doing so has passed. Because the plaintiff is proceeding pro se, the Court will not grant the motion as uncontested, but will decide it on the merits. See Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991). For the reasons that follow, the motion will be granted.

---

[1] Two other defendants, the City of Philadelphia and Officer Francis Sheridan have answered the complaint. Another seven defendants named in the complaint have not yet been served or have not yet entered an appearance. In a separate order, entered June 23, 2010, the Court has directed the plaintiff to show cause why his claims against those seven defendants should not be dismissed.

In his complaint, the plaintiff alleges that the witnesses who accused him of stealing were lying and that the investigating officer and the prosecuting attorney knowingly suborned this false testimony. He also alleges unconstitutional procedural irregularities in his indictment and preliminary hearing. His complaint names eleven defendants including the City of Philadelphia, the investigating police officer, the prosecutors, and the complaining witnesses and their employers. He brings § 1983 claims against the City, the investigating officer and the prosecutors; state law claims for abuse of process, fraudulent misrepresentations, and willful misconduct against the complaining witnesses and their employers; and state law claims for intentional infliction of emotional distress against all defendants.

The plaintiff filed this action in Pennsylvania state court. The moving defendants, Abrahams and D'Andrea, removed it to this Court. At the time the case was removed, the plaintiff's criminal case was still pending. The Court, accordingly, stayed this action pending the resolution of that case. The Court lifted the stay on April 26, 2010, after receiving a letter from counsel for moving defendants, informing the Court that the charges against the plaintiff had been withdrawn pursuant to the entry of a nolle prosequi on April 13, 2010. After the stay was lifted, the moving defendants filed their motion to dismiss,

arguing that all claims against them were barred by prosecutorial immunity.

Prosecutors have absolute immunity from § 1983 suits for damages when they act within the scope of their prosecutorial duties." Imbler v. Pachtman, 424 U.S. 409, 420 (1976). The purpose of this immunity is to prevent a prosecutor from being inhibited in performing her duties by the threat of personal liability and to promote the "vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system. Id. at 427-28. It represents a policy judgment that it is "in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation." Id. at 428 (citing Gregoire v. Biddle, 177 F.2d 579, 581 (2d Cir. 1949).

The scope of this absolute immunity, however, is limited to only those actions by prosecutors that are "intimately associated with the judicial phase of the criminal process." Imbler, 424 U.S. at 430. Where a prosecutor's actions are not "closely associated with the judicial process," then they will be entitled to only qualified immunity. Burns v. Reed, 500 U.S. 478, 495 (1991). Determining whether any particular prosecutorial activity is entitled to absolute immunity requires a "functional" analysis that looks to whether, in conducting the

activity, the prosecutor is acting in his role as advocate for the state or is acting in a non-judicial investigatory or administrative capacity.  Imbler, 424 U.S. at 430-31; see also Van de Kamp v. Goldstein, 129 S.Ct. 855, 860-61 (2009).

Here, the plaintiff alleges that the moving defendants failed to give him or his counsel adequate notice of the charges against him at his preliminary hearing (Compl. ¶¶ 45-46, 49) and failed to conduct an adequate investigation or interview additional witnesses (Compl. ¶¶ 47-48).  He also alleges that these defendants were aware of false statements and inconsistencies by witnesses against him and falsely generated a criminal information and accused him of a fictitious crime (Compl. ¶¶ 51, 53).  He further alleges that defendant Abraham knowingly and intentionally abandoned "a publicly announced criteria for prosecution" and that defendant D'Andrea acted unlawfully in having a preliminary hearing without issuing a formal complaint (Coml. ¶¶ 54-55).

All of these claims are subject to absolute prosecutorial immunity because they challenge the manner in which the prosecutors in this case conducted their judicial role in the criminal process.  Absolute immunity covers a prosecutor's actions "in initiating and pursuing a criminal prosecution," even if the prosecutor is accused of presenting false testimony. Kalina v. Fletcher, 522 U.S. 118, 124-25 (1997) (internal

quotation omitted); see also Burns, 500 U.S. at 487, 492 (holding prosecutor was entitled to absolute immunity against claims that he knowingly presented false witness testimony at a preliminary hearing). The plaintiff's claims concerning the moving defendants' actions at the preliminary hearing and their presentation of allegedly false evidence are therefore barred by immunity.

The plaintiff's allegations that the moving defendants failed to adequately investigate the allegations of the witnesses against him are similarly barred. Prosecutors may not be covered by absolute immunity when they act in an investigatory or administrative capacity that is unrelated to their role in preparing for the initiation of a prosecution or for judicial proceedings. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Here, however, the plaintiff's allegations of a failure to investigate are directly connected to the conduct of judicial proceedings. The plaintiff is alleging that the DA defendants failed to interview anyone other than the witnesses presented at his preliminary hearing, and is, therefore, essentially challenging the adequacy of the prosecution's evidence at that proceeding.

Just as absolute immunity bars the plaintiff's § 1983 claims against the moving defendants, it also bars the plaintiff's state law claims. Under Pennsylvania common law,

both district attorneys and assistant district attorneys are entitled to immunity in "carrying out the prosecutorial function." Durham v. McElynn, 772 A.2d 68, 70 (Pa. 2001) (holding that absolute immunity barred a tort action alleging that a prosecutor knowingly allowed perjured testimony to be presented at a preliminary hearing). The plaintiff's state law claims against the moving defendants relate to their conduct of judicial proceedings and are therefore precluded by Pennsylvania's immunity doctrine.

Having found that both the plaintiff's federal and state law claims against the moving defendants are barred by prosecutorial immunity, the Court will grant the motion to dismiss. In civil rights cases, a plaintiff whose complaint has been dismissed must be allowed to amend his complaint to correct his pleading deficiencies, unless allowing an amendment would be inequitable or futile. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Here, the Court finds that, because the plaintiff's claims against the moving defendants are barred by absolute prosecutorial immunity, any amendment would be futile. The Court will therefore not grant the plaintiff leave to amend.

An appropriate order will be entered separately.