IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GERALD WASHINGTON           :    CIVIL ACTION
                            :
            v.              :
                            :
CITY OF PHILADELPHIA,       :
et al.                      :    NO. 10-176

MEMORANDUM

McLaughlin, J.                                   August 2, 2010

On June 23, 2010, the Court issued an order requiring that the plaintiff show cause why his claims against seven of the eleven defendants in this matter should not be dismissed. The plaintiff has not responded to the order, and after a review of the merits of the plaintiff's claims, the Court will dismiss them against these seven defendants. The dismissal is with prejudice as to all claims except the plaintiff's claims of abuse of process against six of the defendants, which the Court will dismiss without prejudice and allow the plaintiff to seek to re-plead, if he chooses. If the plaintiff does not choose to re-plead, the case will go forward as to the remaining defendants.

This is a pro se civil rights action brought by plaintiff Gerald Washington over his arrest and prosecution for allegedly stealing $400 worth of construction fencing at gun point. At the time Washington filed this suit, he was incarcerated pending his criminal trial in state court. The charges against him were subsequently dismissed through a nolle

prosequi and he has been released from state custody. This case was initially filed in state court and subsequently removed.

The plaintiff named eleven defendants in his complaint. Two of them, Detective Francis Sheridan and the City of Philadelphia, have answered. Two other defendants, District Attorney Lynne Abraham and Assistant District Attorney Gaetano D'Andrea, moved to dismiss the claims against them on grounds of prosecutorial immunity. The Court granted this motion on July 8, 2010. The remaining seven defendants -- Joseph J. O'Neill, Harold Emerson, Dean Clark, Wilson Williams, John Curran, Jesse DeGarmo, and Curran Contracting Inc. (collectively referred to in this memorandum as "the seven defendants at issue") -- have either not yet answered, not yet been served, or both.

On June 8, 2009, the plaintiff filed three motions concerning service of process upon the seven defendants at issue. Defendants Abraham and D'Andrea filed an opposition to these motions, arguing that service should be quashed and the motions denied because the plaintiff had failed to state a claim against any of these defendants. The Court issued an Order on June 23, 2010, requiring the plaintiff to respond to the arguments made by Abraham and D'Andrea and show cause why the claims against the seven defendants at issue should not be dismissed.[1] The June 23

---

[1] The Court's Order noted that it was procedurally improper for defendants Abraham and Gaetano to object to service upon other defendants for whom they were not authorized to speak,

Order warned the plaintiff that, if he failed to file a response by July 9, 2010, the Court could dismiss his claims against these defendants. To date, the Court has received no response from the plaintiff.

Although the seven plaintiffs at issue have not moved to dismiss, the validity of the plaintiff's claims against these defendants was placed at issue by defendants Abraham and Gaetano's response to the plaintiff's motions. Through the Court's June 23 Order, the plaintiff has been given notice of the Court's intention to rule on whether the plaintiff has stated a claim against these defendants, as well as an opportunity to respond, of which the plaintiff has not availed himself. Notice and an opportunity to be heard having been given, the Court may dismiss the claims if warranted. Roman v. Jeffes, 904 F.2d 192, 196 (3d Cir. 1990).

Because the plaintiff is proceeding pro se, the Court will not dismiss his claims against the seven defendants solely on the basis that he failed to respond to the June 23 Order to show cause. Instead, the Court will consider the merits of the plaintiff's claims. See Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991).

---

but, because the Court found possible merit to their arguments, the Court gave notice that it would consider the issues they raised and directed the plaintiff to file a response.

All of the plaintiff's claims against defendant Joseph J. O'Neill have already been dismissed in state court proceedings prior to the removal of this case. The Hon. Joseph J. O'Neill, is the judge who presided over the criminal proceedings against the plaintiff. Prior to removal, the state court granted Judge O'Neill's preliminary objections on the grounds of absolute judicial immunity. The plaintiff has provided no grounds to reconsider this dismissal and Judge O'Neill shall remain dismissed from this action.

The remaining six of the seven defendants at issue are all private parties. Three of them -- Harold Emerson, Dean Clark, and Wilson Williams -- are complaining witnesses to the defendant's alleged theft. The plaintiff alleges that these defendants made "knowingly false representations to law enforcement and judiciary while acting within scope of employment." Compl. ¶ 61; see also id. at ¶ 51(a)-(h). The other three defendants are the company for whom the complaining witnesses work, Curran Contracting Inc. ("Curran Contracting"), and Curran Contracting's president and owner, John Curran and Jesse DeGarmo, whom the plaintiff contends are liable to him on a vicarious liability theory. Compl. ¶ 62. The plaintiff's claims against these defendants are all based on state law. The plaintiff brings causes of action against these six defendants

for abuse of process, fraudulent misrepresentation, willful misconduct, and intentional infliction of emotional distress.

The Court will dismiss with prejudice the plaintiff's claims against these defendants for emotional distress, wrongful conduct and fraudulent misrepresentation because they are barred by Pennsylvania law.  Pennsylvania recognizes an absolute privilege for statements made to law enforcement officials for purposes of inducing those officials to bring charges against someone.  Pawlowski v. Smorto, 588 A.2d 36, 41, 42 (Pa. Super. Ct. 1991).  Although Pawlowski and the cases that it relies upon were decided in the context of libel actions, the Court finds that the same reasoning applies to bar the plaintiff's claims here for intentional infliction of emotional distress, wrongful conduct and fraudulent misrepresentation, all of which are premised on the idea that the defendants should be liable to the plaintiff for damages from the allegedly false accusations made by the complaining witnesses to law enforcement, the prosecution, and the courts.

Pennsylvania courts have found that the public policy in favor of ensuring free and uninhibited access to the justice system outweighs the right of a defamation plaintiff to seek redress for harm from defamatory statements, even when those statements are knowingly, deliberately, and maliciously false. Pawlowski, 588 A.2d at 42.  For the same reason, the Court

believes that the Pennsylvania courts would extend that absolute privilege here to the plaintiff's claims against the complaining witnesses for fraudulent misrepresentation, willful misconduct, and intentional infliction of emotional distress.  See Moses v. McWilliams, 549 A.2d 950, 957 (Pa. Super. Ct. 1988) (noting that "[w]hile it is true that immunity from civil liability in judicial proceedings has been applied most frequently in defamation actions, many courts, including those in Pennsylvania, have extended the immunity from civil liability to other alleged torts when they occur in connection with judicial proceedings.") (collecting cases).

The Court, however, does not find that absolute immunity bars the plaintiff's claims against these defendants for abuse of process.  Pennsylvania law, adopting Restatement of Torts (Second) § 653, permits claims of abuse of process against defendants who are alleged to have falsely accused plaintiffs of criminal behavior resulting in arrest and prosecution.  Under Pennsylvania law, a private person is subject to liability for malicious prosecution if he or she initiates or procures the institution of criminal proceedings against another who is not guilty of the offense charged and if: (a) he initiates or procures the proceedings without probable cause and primarily for a purpose other than that of bringing an offender to justice, and (b) the proceedings have terminated in favor of the accused.

Hess v. Lancaster County, 514 A.2d 681, 683 (Pa. Cmwlth. Ct. 1986) (citing Rest. (2d) of Torts § 653).

Interpreting these elements, Pennsylvania courts have held that a private party can be found to have "initiated" or "procured" criminal proceedings by providing knowingly false information to the police. Id. To make out a prima facie case, however, a plaintiff must show that the defendant had no reasonable ground to suspect the defendant's guilt and was motivated by malice, meaning that his or her primary purpose in initiating criminal proceedings was not to bring the offender to justice. Neczypor v. Jacobs, 169 A.2d 528, 531 (Pa. 1961).

The Court finds that the plaintiff has failed to adequately plead a cause of action for malicious prosecution either against the complaining witnesses Emerson, Clark, and Williams, or their employers Curran, DeGarmo, and Curran Contracting. To adequately plead a claim, a plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. This requires more than just legal conclusions or "naked assertions devoid of further factual enhancement," but requires making sufficient factual assertions to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009). To make a claim facially plausible, a plaintiff must plead sufficient facts to allow the Court to draw

the reasonable inference that the defendant is liable for the misconduct alleged, viewed in the light of judicial experience and commonsense.  Id. at 1949-50.

Here, the Court finds that the plaintiff has not pled sufficient facts to make out a facially plausible claim of abuse of process against defendants Emerson, Clark, Williams, Curran, DeGarmo, or Curran Contracting.  The complaint contains several factual allegations that defendants Emerson, Clark and Williams gave false information to the police and testified falsely at a preliminary hearing, but the complaint fails to plead sufficient facts to make a facially plausible allegation of the required element of malice, that these defendants made these false accusations knowingly and for some purpose other than trying to bring an offender to justice.

The plaintiff was arrested for using a gun to steal construction fencing on the 3800 block of Olive Street.  From what the Court understands from the plaintiff's complaint, the plaintiff alleges that he had lawful possession of several panels of construction fencing under a lease agreement from a rental company.  On September 26, 2008, he learned that four panels of that fencing were removed from a storage site at 3847 Olive Street and taken by an unknown person to a demolition site at 3838 Olive.  On that day, the plaintiff returned two of the panels to the storage site, securing them by chain.  On September

30, 2008, the plaintiff saw that the chain had been breached and that the panels were leaning against a residence at 3834 Olive, near where men were doing construction work at 3838 Olive. The plaintiff says a man working at 3838 Olive told him that his boss had taken the panels. The plaintiff alleges that he "explained that he would reclaim the panels" and left his business card for the man's boss to contact him. The plaintiff alleges that he arranged for three men to collect the panels and return them to his storage area. Compl. ¶¶ 13-19.

The plaintiff's complaint alleges that on September 30, 2008, defendant Emerson made statements to a police officer, reflected in the police report, alleging that someone had stolen the construction fencing. The complaint alleges that, in the police report, Emerson is described as saying that he was an employee of Curran Construction doing work at 3807 Olive Street, Philadelphia, and that he was approached by an unknown black male who lifted up his shirt and displayed a handgun while he was removing fencing from the property. Compl. ¶ 23-24. Defendants Clark and Williams are alleged to be listed in the police report as additional witnesses. Compl. ¶ 25. Another police report dated October 8, 2008, lists Emerson as "Complainant/Victim" and Clark and Williams as witnesses. Compl. ¶ 27.

The complaint alleges that the affidavit of probable cause for the plaintiff's arrest was based on statements by

Emerson, Clark, and/or Williams and by the identification of the plaintiff in a lineup, presumably by one of these defendants. Compl. ¶ 33. The complaint also alleges that both Clark and Emerson testified at the plaintiff's preliminary hearing and made numerous false statements under oath, including, among other things, statements that the plaintiff pointed a handgun at Clark and another person and that the construction panels at issue were the property of Curran Contracting. Compl. ¶¶ 37-38.

These allegations are insufficient to state a plausible claim for abuse of process against any of the defendants. At most, these allegations state that defendants Clark and Emerson gave false reports to the police and false testimony at the preliminary hearing, including false statements that the plaintiff stole their company's construction fencing and that he pointed or displayed a gun. The complaint contains no allegation, however, that Clark or Emerson gave this false information maliciously and for an improper purpose (as opposed to through an innocent mistake) and pleads no facts that would support such an allegation. The Court therefore finds that the plaintiff's complaint fails to make out a facially plausible claim of abuse of process against Clark or Emerson.

The allegations against the other defendants are even less sufficient to state a claim for abuse of process. The complaint fails to allege that Williams made any false statements

concerning the plaintiff, much less that he did so maliciously. The only allegations against Curran, DeGarmo, and Curran Contracting are that they are vicariously liable for the actions of their employees, Emerson, Clark, and Williams.  Because the complaint fails to state a claim against the employees, it fails to state a vicarious claim against their employers, even assuming vicarious liability is available on these facts (an issue the Court does not address).

The Court therefore finds that the plaintiff has failed to state a claim for abuse of process against defendants Emerson, Clark, Williams, Curran, DeGarmo, and Curran Contracting and will dismiss this claim against these defendants.  The dismissal, however, will be without prejudice, and the Court will allow the plaintiff to file an amended complaint to allege additional factual allegations in support of the abuse of process claim.  If the plaintiff wishes to pursue a claim for abuse of process against these defendants, he must file an amended complaint with additional factual allegations on or before August 28, 2010.  If the plaintiff does not wish to pursue that claim against these defendants or otherwise does not file an amended complaint on or before August 28, 2010, then this case will proceed only against the remaining defendants, the City of Philadelphia and Detective Francis Sheridan.

An appropriate Order will be entered separately.